IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SENAL R. RAJAMANTRI,<br><br>                Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>JOHN and/or JANE DOES 1–10,<br><br>                Defendants. | CIVIL NO. 18-00266 JAO-RT<br><br>**ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FILED ON JULY 9, 2018** |

**<u>ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FILED ON JULY 9, 2018</u>**

### I. INTRODUCTION

This action arises out of an incident on November 3, 2016, during which Honolulu Police Department ("HPD") plain-clothed officers allegedly questioned Plaintiff Senal Rajamantri ("Plaintiff") about his identity and residence then tackled and restrained him, causing his arm to break. Plaintiff asserts federal constitutional and Hawaiʻi state law claims against Defendant City and County of Honolulu ("Defendant"). Defendant moves to dismiss Plaintiff's 42 U.S.C. § 1983 (Count I) and negligent hiring, retention, and supervision (Count VII) claims.

For the reasons set forth below, the Court GRANTS the Motion. Count I is dismissed in part without prejudice and dismissed in part with prejudice. Count VII is dismissed without prejudice.

## II. BACKGROUND

**A.     Factual History**

On November 3, 2016, Plaintiff purchased dinner at the restaurant Proof Public House.  Compl. at ¶ 8.  A server informed Plaintiff that due to a prior complaint he had made about the service, he was no longer allowed at the restaurant.  *Id*.  Plaintiff then left the restaurant and banged on a random shop window, cracking it.  *Id.* at ¶ 9.  Two plain-clothed HPD officers who saw the incident approached Plaintiff and asked him about his identity and residence.  *Id.* at ¶ 10.  Plaintiff responded and asked the officers if they intended to arrest him.  *Id.* at ¶ 11.  The officers informed Plaintiff that they were merely questioning him and instructed him to sit on the ground.  *Id.*  At the officers' direction, Plaintiff sat with his hands in the air as he answered questions.  *Id*. at ¶ 12.  Plaintiff was never read *Miranda* warnings.  *Id*.

The officers subsequently called HPD for assistance and two additional plain-clothed officers arrived at the scene.  *Id*. at ¶ 13.  According to Plaintiff, without provocation, all officers tackled him, pinned him to the ground, and held him down on the ground.  *Id*. at ¶ 14.  Plaintiff claims that he did not resist.  *Id.*  During the incident, one of the officers allegedly pulled Plaintiff's arms behind him and twisted them together, causing Plaintiff's bones to break and protrude from his flesh.  *Id*.  One of the officers handcuffed Plaintiff while another officer

told him "not to be a pussy" when he complained of extreme pain. *Id.* at ¶ 16. Paramedics were eventually called to the scene. *Id.* at ¶ 18. Plaintiff was transported by HPD cruiser to Queen's Medical Center where he was treated for multiple injuries. *Id.* at ¶ 19. Plaintiff is not aware of any criminal charges brought against him related to the November 3, 2016 incident. *Id.* at ¶ 20.

**B.     Procedural History**

Plaintiff initiated this action on July 9, 2018. The Complaint asserts the following claims: (1) violations of § 1983 (Count I); (2) assault and battery (Count II) ; (3) gross negligence (Count III); (4) negligence (Count IV); (5) intentional infliction of emotional distress (Count V); (6) negligent infliction of emotional distress (Count VI); (7) negligent hiring, retention, and supervision (Count VII); and (8) vicarious liability – respondeat superior (Count VIII). Plaintiff prays for general, special, and punitive damages; reimbursement for his costs and reasonable attorneys' fees; and any additional relief deemed appropriate. *Id.* at 15.

On August 1, 2018, Defendant filed the instant Motion to Dismiss Complaint Filed on July 9, 2018. Doc. No. 9.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "'the court accepts the facts alleged in the complaint as true,' and '[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *Id.* As such, "[t]hreadbare

4

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original). If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

## IV.  DISCUSSION

Defendant seeks dismissal of Counts I and VII. With respect to Count I, Defendant argues that Plaintiff has failed to state a claim for municipal liability and that his excessive force claim is limited to the Fourth Amendment. As for Count VII, Defendant contends that Plaintiff has not pled facts establishing that it "knew of a necessity and opportunity to control the officers involved in the subject incident," or facts identifying a deficiency with its supervision, retention, or hiring practices. Mem. in Supp. of Mot. at 8.

**A.   Section 1983 Claims (Count I)**

Plaintiff alleges that the officers[1] involved in the subject incident violated his

---

[1] Plaintiff refers to the officers as "Officer Defendants" and "Defendant Officers." However, no officers have been named as defendants, nor have any other individuals or entities been identified as defendants.

5

Constitutional rights while acting in their official capacities. Compl. at ¶ 24. In particular, Plaintiff claims that the officers' use of excessive force violated his Fourth and Fourteenth Amendment rights. Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Substantive rights are not created by this provision; "rather it is the vehicle by whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted). To state a § 1983 claim, a plaintiff must plead that (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of law. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 662 (1978).

### 1. Municipal Liability

Although the officers have not been named as defendants, it is well-established that "official capacity" "suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 691 n.55. Therefore, the claims against the officers are treated as if asserted against Defendant. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Hyun Ju Park v. City & Cty. of Honolulu*, 292 F. Supp. 3d 1080, 1090 (D. Haw. 2018) (finding that

official capacity suits should be treated as suits against the governmental agency and dismissing claims against individual officers in their official capacity with prejudice).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. To impose liability on a municipality under § 1983 for an officer's conduct, the plaintiff must establish:

> (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation."

*Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–391 (1989)).

Deliberate indifference is considered "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). The deliberate indifference standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Harris*, 489 U.S. at 390. "[I]nadequacy of police training may serve as the basis for § 1983 liability

7

only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388.

"For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006) (internal citation omitted). This element requires the plaintiff to establish that "the injury would have been avoided had proper policies been implemented." *Id.* (internal citation omitted).

Defendant moves to dismiss the *Monell* claim based on Plaintiff's failure to establish prongs (2)–(4) of the municipal liability test. Plaintiff need not establish the elements of his claim to defeat a motion to dismiss; he is merely required to state a legally cognizable claim. *Twombly*, 550 U.S. at 555 (finding that in the context of a Rule 12(b)(6) motion, a plaintiff need not prove her claim, but only allege facts to raise her right to relief above a speculative level). That said, in the instant case, Plaintiff fails to do that much. Plaintiff has not identified any city or HPD policy, much less one that amounts to deliberate indifference to Plaintiff's constitutional rights which is the moving force behind the alleged constitutional violations. Indeed, Plaintiff has not even recited the elements of a municipal liability cause of action.

Count I is accordingly DISMISSED WITHOUT PREJUDICE to the extent

Plaintiff alleges municipal liability. Insofar as amendment could potentially save this claim, Plaintiff is granted leave to amend.

### 2. Excessive Force

Plaintiff asserts § 1983 excessive force claims under the Fourth and Fourteenth Amendments. In pertinent part, Plaintiff alleges:

> 25. At the time of the relevant events, Plaintiff had a clearly established Constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.
>
> 26. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement. . . .
>
> . . .
>
> 28. Officer Defendants' actions and use of force, as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Officer Defendants shocks the conscience and violated the Fourth and Fourteenth Amendment rights of Plaintiff.
>
> 29. Officer Defendants unlawfully seized Plaintiff by means of objectively unreasonable and excessive physical force, thereby unreasonably depriving Plaintiff of his freedom.
>
> 30. None of the Officer Defendants took any steps to protect Plaintiff from the objectively unreasonable and conscience-shocking excessive force of the other Officer Defendants or from the excessive force of later responding officers despite being in a position to do so. Therefore each Officer Defendant is liable for the violation of Plaintiff's rights under 42 U.S.C. Section 1983 as well as the bodily injuries and damages resulting from the objectively unreasonable and conscience-shocking force of each other officer.

Compl. at ¶¶ 25–26, 28–30. Defendant argues that these excessive force claims are limited to the Fourth Amendment.

"If a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Fontana v. Haskin,* 262 F.3d 871, 882 (9th Cir. 2001) (internal citation omitted); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that the validity of an excessive force claim "must [] be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard"). When an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham*, 490 U.S. at 394; *Tarabochia v. Adkins*, 766 F.3d 1115, 1129 (9th Cir. 2014) (holding that incidents involving an unreasonable search or seizure are "properly analyzed exclusively under [the Fourth Amendment] and not under the broader concept of substantive due process").

Here, Plaintiff alleges that his arms and legs were handcuffed and that the officers used unreasonable and excessive physical force during his arrest. Compl. at ¶¶ 19, 29. Consequently, Plaintiff's claim should be analyzed under the Fourth

10

Amendment. *See Tarabochia*, 766 F.3d at 1129; *see also Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (analyzing claim under the Fourth Amendment rather than the Fourteenth Amendment when officers' handcuffing caused pain and bruising); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) (same); *Graham*, 490 U.S. at 395 (holding that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment).

A Fourteenth Amendment substantive due process analysis might be appropriate if Plaintiff had alleged mistreatment sufficiently unrelated to his arrest and Fourth Amendment claim. *See, e.g.*, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998) (analyzing a claim arising from a high-speed police chase under the Fourteenth Amendment because the alleged conduct did not constitute a seizure). Even accepting all facts in the Complaint as true, there are no facts supporting a Fourteenth Amendment due process claim. The Motion is therefore GRANTED and Count I is DISMISSED WITH PREJUDICE to the extent it attempts to assert a Fourteenth Amendment claim.

## B. Negligent Hiring, Retention, and Supervision Claim (Count VII)

Plaintiff asserts a negligent hiring, retention, and supervision claim against Defendant. In relevant part, Plaintiff alleges:

> 58. At all times, Officer Defendants were under the direction, supervision, and control of Defendant CITY AND COUNTY OF

> HONOLULU and the HPD and were their employees, agents, and representatives.
>
> 59. Defendant CITY AND COUNTY OF HONOLULU and the HPD, through their employees, Officer Defendants, had an obligation to adhere to all applicable Constitutional, statutory, regulatory obligations, procedures, and policies in ensuring that appropriate public safety procedures were utilized by these defendants.
>
> 60. Defendant CITY AND COUNTY OF HONOLULU and the HPD have an express and implied obligation to provide a safe environment for people who are in the City and County of Honolulu.
>
> 61. Defendant CITY AND COUNTY OF HONOLULU and the HPD failed to follow necessary procedures in hiring, training, supervising, and retaining as employees the Defendant Officers. Specifically if the Defendant Officers had been properly hired, trained, supervised, and retained they would never have engaged in conduct which violated the Constitutional rights of peoples [sic] in the City of Honolulu and would not have committed the wrongful acts set forth at length in this Complaint.
>
> 62. Defendant CITY AND COUNTY OF HONOLULU and the HPD knew, or should have known, that the Defendant Officers were not in compliance with all acceptable police practices and applicable federal and state law and that it was foreseeable that people in the City of Honolulu would be in danger of having their Constitutional and statutory rights violated as the result of the Officer Defendants using inappropriate tactics and excessive and unnecessary force.
>
> 63. As a direct result of Defendant CITY AND COUNTY OF HONOLULU and the HPD's failure to exercise the necessary care and to adhere to accepted practices in hiring, training, supervising, and retaining the Defendant Officers, Plaintiff has suffered severe physical and emotional harm.

Compl. at ¶¶ 58–63. Defendant argues that Plaintiff has not pled facts establishing that it "knew of a necessity and opportunity to control the officers involved in the

subject incident," or facts identifying inadequate supervision, retention, or hiring practices.

To establish a direct negligence claim on the basis of negligent hiring, training, and supervision under Hawaiʻi law, a plaintiff must establish that "the employer knew or should have known of the necessity and opportunity for exercising such control." *Abraham v. S.E. Onorato Garages*, 50 Haw. 628, 634, 446 P.2d 821, 826 (1968). If a defendant "knew, or reasonably should have anticipated, that one of its employees would commit an intentional tort against a person to whom the [defendant] owed a duty of care, the [defendant] is liable for the negligence of those employees who were in a position to take reasonable precautions against the anticipated harm." *Doe Parents No. 1 v. State, Dep't of Educ.*, 100 Hawaiʻi 34, 68, 58 P.3d 545, 579 (2002), *as amended* (Dec. 5, 2002).

Plaintiff does not allege any facts to support an inference of negligent hiring or supervision on the part of HPD. Plaintiff's only evidence of Defendant's inadequate training is the officers' conduct. Plaintiff's allegations are conclusory and involve unwarranted deductions of facts insufficient to survive a motion to dismiss. *Sprewell*, 266 F.3d at 988. Count VII is therefore DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend this claim.

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendant's motion.

13

Count I is DISMISSED WITH LEAVE TO AMEND as to municipal liability and DISMISSED WITH PREJUDICE as to allegations based on the Fourteenth Amendment.  Count VII is DISMISSED WITH LEAVE TO AMEND.  Plaintiff must file an Amended Complaint correcting the deficiencies identified above by February 28, 2019.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawai'i, January 29, 2019.



    /s/   Jill A. Otake_____
Jill A. Otake
United States District Judge

Civil No. 16-00266 JAO-KSC; *Rajamantri v. City & Cty. of Honolulu*; ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FILED ON JULY 9, 2018